IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

CASE # 22-40479-7

LODER, CHRISTOPHER LEE
BARCLAY LODER, KELLY DENISE

    Debtors.

## TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS

COMES NOW the Trustee, Darcy D. Williamson, and hereby enters the Trustee's and Estate's Objection to Debtors' Exemptions. In support of her Objection, the Trustee alleges and states as follows:

1. The Debtors listed and exempted on Schedule C the following described personal property as tools of the trade:

    a. Enclosed Job Trailer, valued at $650.00 pursuant to K.S.A. 60-2304(e);

    b. 2019 John Deere 1025R Tractor/Loader, valued at $9,400.00, per K.S.A. 60-2304(e);

    c. And a 2019 Polaris Ranger XP900, valued at 6,700.00, per K.S.A. 60-2304(e).

2. The Debtors exempted all of the above pursuant to K.S.A. § 60-2304(e), which reads as follows:

> **60-2304. Personal property; articles exempt.** Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . .
>
> (e) The books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500.

3. The Debtor, Christopher Lee Loder, is employed with A & H Air Conditioning and Heating in Sales. Schedule I reflects Mr. Loder has gross income of $3,298.75 from this position

and has no other source of income.  Mrs. Loder is employed by the University of Kansas Health System (St. Francis) and earns $5,518.93 gross per month and has no other source of income.

4.  The Debtor, Christopher Lee Loder, testified at his 341 Hearing, that the items are not used by him or his wife in their business with their employers or used in any business.  The Debtors' use of the enclosed trailer, tractor and loader and the Polaris Ranger were not "regularly and reasonably" necessary for his business or profession on the date they filed their bankruptcy petition as required by the Kansas statute and *In re Wilkinson*. [1]

5.  Additionally, the Debtors' primary source of income is derived from their employment and not from any business venture.

WHEREFORE, the Trustee prays the Court for an Order sustaining this Objection and for all other further and proper relief.

s/ Darcy D. Williamson
DARCY D. WILLIAMSON, Trustee
Williamson Law Office
Attorney # 11337
1109 SW Westside Drive
Topeka  KS  66615
(785) 233-9908
trustee@williamson-law.net

---

[1]  See *In Re Wilkinson*, Case No. 09-41059, 2010  (J. Karlin, Bankr. D. Kan Mar. 5, 2010. )

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing **TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS** was filed electronically on October 18, 2022, with the United States Bankruptcy Court for the District of Kansas, and shall be served on parties in interest via e-mail by the Court pursuant to CM/ECF as set out on the Notice of Electronic Filing as issued by the Court and shall be served by U.S. Mail, First Class, postage prepaid, on those parties listed below, and on those parties directed by the Court on the Notice of Electronic Filing issued by the Court and as required by the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Kansas.

Christopher Lee Loder
Kelly Denise Barclay-Loder
3130 California Terrace
Pomona KS 66076

s/ Darcy D. Williamson
DARCY D. WILLIAMSON, Trustee
Williamson Law Office
Attorney # 11337
1109 SW Westside Drive
Topeka KS 66615
(785) 233-9908
trustee@williamson-law.net